**SIGNED this 22nd day of September, 2015**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE

In re:                                                                  No. 1:15-bk-12062-SDR
                                                                        Chapter 13

Erika Evone Thompson
      Debtor.

## MEMORANDUM

    The debtor filed a motion to redeem property on July 29, 2015. Sunrise Acceptance, the creditor who holds the lien on the vehicle the debtor seeks to redeem, objects to the redemption on two grounds. The first is that the motion is untimely and that the debtor's right to redeem has expired. The second is that the amount proposed to be paid for the redemption is not the amount of the allowed secured claim of the holder as required under 11 U.S.C. § 722. For the reasons stated below, the court finds that the debtor's right to redeem has not expired, but because the value proposed to be paid is not sufficient, redemption at the price proposed by the debtor will not be allowed.

1

This court has jurisdiction over this matter under 28 U.S.C. § 1334 and 157(a) and (b)(2)(L).

These are the court's findings of fact and conclusions of law pursuant to Fed. R. Bank. P. 7052, made applicable to contested matters by Fed. R. Bank. P. 9014(c):

The debtor filed bankruptcy under chapter 7 on May 14, 2015. With her petition, the debtor filed a statement of intent on May 14, 2015, in which she stated that she intended to retain the property securing the debt of Sunrise Acceptance and to reaffirm the debt. The collateral was listed as a 2008 Chevrolet with 118,000 miles.

The first meeting of creditors was scheduled for June 19, 2015 and was, in fact, held on that date. On that date, the trustee filed a report of no distribution and abandoned all of the property of the estate set forth on Schedule B on which the debtor had listed the vehicle. Nothing else was done until the debtor filed a motion to redeem the property on July 29, 2015, 40 days after the first date set for the meeting of creditors. The creditor objected to the motion on the basis that the right to redeem had expired and that the value proposed was too low.

Section 521(a)(2)(A) requires that a debtor must file a statement of her intention with respect to the retention of collateral within thirty days after the filing of a petition. The debtor did so although she stated that her intent was to reaffirm. The section also obligates the debtor to perform that intention within 30 days after the first date set for the meeting of creditors. 11 U.S.C. § 521(a)(2)(B). Within such 30 day period, the deadline for performance may be extended if the court, for cause, fixes a new deadline. *Id*. No extension of the deadline was sought or granted in this case. The debtor did not perform her intention by the deadline of 30 days.

The consequences of failing to perform are addressed in the section:

>Except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title except as provided in section 362(h).

11 U.S.C. § 521(a)(2).

Section 362(h) provides that:

**(h)(1)** In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) –

>**(A)** to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

>**(B)** to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

**(2)** Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. § 362(h).

In this case, the relief granted under section 362(h) lifts the stay imposed under section 362(a) as to property of the debtor. The estate's interest in the vehicle had already been abandoned by the trustee prior to the deadlines of section 521(a)(2)(B) and 362(h)(1)(A).

Although the estate's interest in the property has ended, the question of what rights the debtor still has in the collateral remains. The creditor argues that the termination of the stay and the estate's interest in the property also terminates the debtor's redemption interest. There is no code section or rule that imposes such a deadline for redemption. *See* 11 U.S.C. § 722, Fed. R. Bankr. P. 1009. "In the bankruptcy context, it is generally recognized that, in the absence of any specified deadline, the administrative closing of a bankruptcy case will constitute the outside limit for commencing an action. 11 U.S.C. § 350(a)." In re Buck, 331 B.R. 322, 324 (Bankr. N.D. Ohio 2005).

In support of its position that the right to redeem terminated with the stay relief, the creditor cites *In re Buck*, 331 B.R. 322 (Bankr. N.D. Ohio 2005). There the court found that there was a correlation between the automatic stay of section 362 and the right to redeem under section 722, and that the termination of the stay as a result of failing to perform within the deadline created a deadline to redeem.

> In its simplest form, the right of redemption affords a debtor a right of first refusal. *In re Podnar,* 307 B.R. 667, 672 (Bankr.W.D.Mo.2003). That is, redemption allows the debtor to have the first opportunity to purchase its property from the creditor who has an interest in the same property. In the bankruptcy context, the purpose of affording a debtor the right of redemption is "to counteract creditor threats of repossession, which often allows the secured creditor to extract more from the debtor than if it had simply repossessed or foreclosed on the property. Thus, through redemption, Congress envisioned that the debtor would be able to retain his necessary property and avoid high replacement costs while still allowing the creditor its expectation value on default under the terms of the contract." *Id.*
> However, this purpose is not appreciably furthered once the stay has been relieved; nor does it mesh with the statutory interplay between § 722 and the automatic stay of § 362(a). Consequently, as will be seen, a logical connection can be made that inherent in the nature of a § 722 redemption, is that a debtor's right thereunder runs concurrently with and does not extend beyond the duration of the automatic stay of § 362(a).
> [ . . . ]
> As mentioned, a prime function of bankruptcy law is to equitably administer estate assets. And as would be expected then, the automatic stay of §

4

362(a) enjoins actions taken against property that is included within the debtor's bankruptcy estate. The automatic stay, however, also protects property in which the estate has no interest. To wit: *326 paragraph (a)(5) of § 362 sets forth that the filing of a "petition . . . operates as a stay [against] any act to create, perfect, or enforce *against property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]" (emphasis added). But with no fundamental bankruptcy purpose served thereby, sense can only be made of this protection if the right of redemption is considered.

One of the two alternative preconditions for the redemption of encumbered property under § 722 is that the property have been abandoned from the estate. And the effect of abandonment is to revert back to those parties, namely the debtor, their interest in the property just as if no bankruptcy occurred. *In re McGowan,* 95 B.R. 104, 106 (Bankr.N.D.Iowa 1988). Put together then, abandoned property is transformed from that of "property of the estate" into that of "property of the debtor," thereby making the protections offered by § 362(a)(5) necessary to effectuate the debtor's right of redemption under § 722.

For all practicable purposes this is the same conclusion reached by the Sixth Circuit Court of Appeals when it explained the purpose of the automatic stay as it relates to redemption:

. . . Section 362(a)(5) grants the debtor time to enforce rights in his property given him under Sections 722 and 524(c).

The effect of Section 362(a)(5) is to provide the debtor with separate protection of his property. This enables him to exercise his right to redeem either by acquiring refinancing or by otherwise gathering the necessary funds, or to negotiate a reaffirmation. Unless earlier relief is requested by the creditor, the creditor may not repossess property, despite any abandonment by the trustee, until one of the three acts specified in Section 362(c)(2) occurs . . . The application of Section 362 to exempt property and abandoned property is co-extensive with the redemption right given in Section 722, for this right extends to exempt property as well as to nonexempt property which may be abandoned by the trustee. Likewise, the stay will cover property which may be the subject of reaffirmation agreements.

*G.M.A.C. v. Bell (In re Bell),* 700 F.2d 1053, 1057–58 (6th Cir.1983), *citing In re Cruseturner,* 8 B.R. 581, 592 (Bankr.D.Utah 1981). Thus, according to the Court: "a return of abandoned property to the party with the primary possessory interest (usually the debtor) merely provides that debtor with time to enforce his right to redeem the property under § 722 or to seek a reaffirmation of the agreement under § 524(c)."

And in now placing this holding placed on top of this Court's previous analysis, it becomes but a small step to surmise that once the protections of § 362(a)(5) are terminated, so too does the debtor's right of redemption under § 722(a). *See also Riggs Nat'l Bank of Washington, D.C. v. Perry (In re Perry),* 729 F.2d 982, 986 (4th Cir.1984) (holding that the § 362(a) stay continues to run until the stay is no longer in effect, and that up until that time, the debtor has the option of exercising his right of redemption or reaffirmation). Consequently, in this case, with the automatic stay of § 362(a) having been previously terminated, the Debtor

5

>has no right to exercise his right of redemption under § 722. Finally, as for what appeared to be a related issue: whether the Debtor still has a right of redemption under state law?—that matter, with the property having been abandoned and with the stay no longer in effect, must be maintained in the appropriate state-court forum.

*In re Buck*, 331 B.R. 322, 325-27 (Bankr. N.D. Ohio 2005).

This court is unable to reach the same conclusion. The Sixth Circuit in *Bell* was addressing an issue of whether redemption in installment payments was available to a chapter 7 debtor. *In re Bell*, 700 F2d. at 1054. In that context, the court discussed the protection granted by 362(a)(5), which prevents a creditor from enforcing a prepetition lien against property of the debtor after the filing of the bankruptcy petition, and how that subsection gives the debtor protection while enforcing his right to redeem or to seek reaffirmation even after the estate has abandoned its interest in the property. *Id.* at 1057. In that sense the two are "coextensive." *Id.* at 1058. The stay continued while the debtor had a right to redeem. However, the existence of the debtor's right to redeem was not conditioned on the existence of stay. The right to redeem exists irrespective of the stay. In 1984, Congress limited the length of the stay to require debtors to perform notify creditors of their intent and to take action. In 2005, they shortened one of those periods in section 521(a)(2)(B) to thirty days and ended the debtor's ability to retain possession without taking action to either redeem or reaffirm. *See, In re Donald*, 343 B.R. 524, 531 (Bankr. E.D. N.C. 2006) (discussing the legislative history of section 521(a)(2) and its purpose as a notice statute as "procedural rather than substantive"). But Congress did not create a deadline to redeem at which time the right terminated when the stay was lifted pursuant to 11 U.S.C. § 362(h).

The court finds support for its analysis in a line of cases which finds the right to redeem is not extinguished.

> There is a split of authority as to whether the debtor retains the substantive right to redeem property notwithstanding the failure to comply with section 521(2)(B). For example, in *In re Rodgers,* the court permitted the debtor to redeem property, even though the debtor filed the motion to redeem 90 days after the expiration of the 45–day deadline, which the debtor had not moved to extend. *See In re Rodgers,* 273 B.R. 186, 192 (Bankr.C.D.Ill.2002); *see also In re Chance,* 1994 WL 16005470, *3 (Bankr.S.D.Ga. May 3, 1994) (holding that "a debtor may exercise his right of redemption at any time before the case is closed or a foreclosure sale of the property has occurred"); *In re Eagle,* 280 B.R. 910 Bankr.N.D. Ohio 1985). *But see In re Jones,* 261 B.R. 479 (Bankr.N.D.Ala.2001) (the failure to perform timely the statement of intention extinguishes the statutory right of redemption provided by section 722). The *Rodgers* court reasoned that section 521(2)(B) is a procedural provision, which does not specifically state that the debtor's substantive right to redeem will evaporate if the debtor fails to perform timely. The court concluded that "[d]espite violating the letter and spirit of section 521(2), the Debtor's right to redeem is nevertheless preserved by section 521(2)(C)." *Rodgers,* 280 B.R. at 192. This Court is persuaded by, and hereby adopts, the reasoning of the majority of the courts to have considered this issue, and holds that the failure to redeem property within the time provided by section 521(2)(B) does not eliminate the debtor's substantive right to redeem the property.

*In re Foster*, No. 05-13797-WHD, 2006 WL 6591595, at *2 (Bankr. N.D. Ga. Feb. 28, 2006).

These cases note the language in section 521(a)(2) that states that there is nothing in that subparagraph intended to affect any rights the debtor has in the collateral. *In re Donald*, 343 B.R. 524, 531 (Bankr. E.D. N.C. 2006). Therefore, these courts find that the right to redeem continues after the stay has been lifted whether as a result of a motion or automatically. *In re Herrera*, 454 B.R. 559 (Bankr. E.D. N.Y. 2011).

> While the Code expressly provides for the termination of the stay upon a debtor's failure to comply with the time limits set forth in § 521(a)(2), the Code contains no language that terminates a debtor's right to redeem under § 722 upon the failure to do so within the time limits set forth in § 521(a)(2)(A) and (B). Moreover, § 521(a)(2)(C) provides that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)." The phrase, "except as provided in section 362(h)," added to § 521(a)(2)(C) by BAPCPA, limits the effect of failure to redeem within the § 521(a)(2)(B) time limit, to the termination of the automatic stay under § 362(h), leaving all other rights of the debtor under the Code intact. *See In re Foster,* 2006 WL 6591595, 2006 Bankr.LEXIS 4716 (Bankr.N.D.Ga. Feb. 28, 2006) (holding that debtor's right to

7

> redeem did not terminate based on failure to file statement of intention and to redeem within time limits provided in § 521(a)(2)); *In re Bright,* 2005 WL 2452278, 2005 Bankr.LEXIS 869 (Bankr.S.D.Fla. Jan. 11, 2005) (allowing debtor to reopen case and redeem after entry of discharge, finding expiration of the time limit provided in § 521(a)(2)(B) does not alter chapter 7 debtor's right to redeem); *In re Rodgers,* 273 B.R. 186, 192 (Bankr.C.D.Ill.2002) (allowing debtor to redeem despite failure to file motion within time limit provided by § 521(a)(2)(B) citing § 521(a)(2)(C)). Obviously, the Debtor's right to redeem the Vehicle terminates, at a minimum, when the Debtor's rights in the Vehicle are extinguished under applicable state law.

*In re Herrera*, 454 B.R. 559, 565 (Bankr. E.D.N.Y. 2011)

This court finds the line of cases which holds that the right to redeem is not extinguished by the termination of the automatic stay to be the more persuasive line of cases. Further, the court finds that the filing of the motion to redeem is sufficient to satisfy the requirement of 11 U.S.C. Sec. 521(a)(6) that the debtor act to redeem. "The filing of a motion to redeem within the 45–day period set forth in § 521(a)(6) constitutes an "act" necessitating the continuance of the automatic stay." *In re DeSalvo*, No. 09-21056, 2009 WL 5322428, at *5 (Bankr. S.D. Ga. Nov. 16, 2009) (addressing the automatic termination of the stay under 521(a)(6)). *In re Parker*, 363 B.R. 621, 625 (Bankr. M.D. Fla. 2007) (". . . the prudent debtor will file a motion to redeem or a reaffirmation agreement prior to the end of the 45-day period following the first meeting of creditors. Such a bright line test would help both debtors and creditors know whether the automatic stay remains enforceable.").

Having found that the right to redeem survives the deadline imposed in 521(a)(2)(B) and the deadlines imposed under 521(a)(6) a result of the debtor's timely motion to redeem, the court must address the issue of value. Section 722 allows an individual to redeem tangible personal property intended primarily for personal, family or household use from a lien securing a dischargeable consumer debt, if the property has been abandoned under section 554, by paying the holder of such lien the amount of the allowed secured claim. 11 U.S.C. § 722.

Sunrise Acceptance is a creditor who holds a purchase money security interest in the vehicle. The debt is a consumer debt. The vehicle has been abandoned. Therefore the only remaining issue is the amount of the allowed secured claim which Sunrise holds. Sunrise Acceptance filed a secured claim for $11,294.66. [Claim no. 2-1.] The car was purchased on December 4, 2014 for a price of $12,367.26. The debtor testified that she believed the value is $2,500. She testified that there are mechanical problems and damage which she believes justified a low value. With respect to the damage, she admitted that she had not looked under the car herself to see if there was any frame damage. Sunrise offered proof through testimony of the general manager of Easy Auto that the value of the car was $5,500. He also testified that mechanical problems could be repaired for about $200 and that he did not see any frame damage; however, on cross examination he admitted that he had not looked under the car to see for himself if there had been damage to the frame. Sunrise offered proof that the NADA value on the vehicle was $5,425. Based on the evidence offered, the court finds the value of the vehicle to be $5,225. The debtor is not proposing to pay the lien holder the value of its allowed secured claim, and therefore the motion to redeem the vehicle for $2500 is denied. The debtor may redeem the vehicle for $5,225.

A separate order will enter.

###